(107 So. 31)

**EDMONSON v. STATE.** (8 Div. 384.)

(Court of Appeals of Alabama. Feb. 2, 1926.)

**1. Rape ⊜52(1).**

Evidence *held* to support verdict of guilty of carnally knowing girl over 12 and under 16 years of age.

**2. Rape ⊜14.**

Whether or not prosecutrix hollered at time of intercourse *held* immaterial, in prosecution for carnal knowledge of girl over 12 and under 16 years of age.

**3. Rape ⊜38(1).**

Whether father of prosecutrix had girls pregnant *held* immaterial, in prosecution of accused for carnally knowing prosecutrix.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Louis Edmondson was convicted of an offense, and he appeals. Affirmed.

C. E. Carmichael, of Tuscumbia, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

RICE, J. Appellant was convicted of the offense of "carnally knowing or abusing in the attempt to carnally know Callie Delony, a girl over the age of 12 years and under the age of 16 years."

The state's evidence was to the effect that appellant, upon the occasion of his wife's being confined or about to be confined by childbirth, employed prosecutrix, a girl under the age of 16 years, but over the age of 12, and who lived with her father and mother just across the road from appellant, to cook for him. And that upon a certain afternoon, while prosecutrix was milking, whether for appellant or prosecutrix's mother does not appear, appellant took her by the hand and pulled and persuaded her into his barn, where she got on some fodder, and the appellant had intercourse with her. Appellant denied the occurrence, and denied ever having had intercourse with prosecutrix. He stated that upon the occasion mentioned in prosecutrix's testimony he was only there at the barn "holding off the calf" for her.

[1] The case was properly submitted to the jury. There was ample evidence to support the verdict, and no sufficient showing of diligence was made to warrant its being set aside on the ground of newly discovered evidence. The motion for a new trial was properly overruled.

[2, 3] The two or three exceptions reserved on account of rulings as to the admission or rejection of evidence have each been examined and found to be without merit. It made no difference whether prosecutrix "hollered" at the time of the intercourse or not; nor whether her father had other girls pregnant.

There is no prejudicial error in the record: and the judgment is affirmed.

Affirmed.